EASTERN DIS.
May, 1841.

LEREY,
vs.
MUNICIPALITY
NO. 3.

---

## LEREY vs. MUNICIPALITY No. 3.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF

NEW ORLEANS.

A contract entered into by the city of New Orleans before its division into Mu-nicipalities, must be enforced against the whole city or the commissioners of the sinking fund representing it; and not against any one of the municipalities separately, although the works performed may have inured to its particular benefit.

This is a suit to recover from the Third Municipality the amount of an account ($498) for putting up small planks at the corner of each street in said municipality, with the name of the street thereon in large letters, at the rate of one dollar for each plank.

The Municipality refused to pay the account, although its officer certified that the work had been done.

EASTERN DIS.
May, 1841.

LEREY,
vs.
MUNICIPALITY
NO. 3.

The evidence showed that one Baral entered into a written contract in 1835, before the division of the city into municipalities with the Mayor of the city, to place these sign or letter boards at the corner of the streets for the whole city. He performed part of the work and transferred the balance of his contract to the plaintiff, who has performed and finished it in good faith.

The sole question is who shall pay this account? The Third Municipality within whose limits it was performed and has reaped the benefits ; or the whole city who undertook the work and with whom the contract was made?

There was judgment for the plaintiff and the defendants appealed.

*Bodin*, for the plaintiff.

*Preaux*, for defendants.

*Simon, J.* delivered the opinion of the court.

Before the division of the city of New Orleans, and in pursuance of an ordinance of the former corporation, a notarial contract was passed between the Mayor of the city and Baral & Co., for the purpose of executing certain works described in the said contract ; among which was the making and posting up of the names of the streets throughout the city, at the rate of one dollar for each plank. Baral had partly executed his contract, when in August, 1837, he transferred the balance of the same to the plaintiff, who having been thereby subrogated to all the obligations and rights stipulated by Baral, assumed said contract, and completed the works therein provided for, by painting and posting up the names of all the streets of the third municipality. Plaintiff now sues for the recovery of the amount of his account.

Defendants aver that they never made any contract with the

EASTERN DIS.
May, 1841.

LEREY,
vs.
MUNICIPALITY
NO. 3.

plaintiff or with Baral & Co.; that by the law of the division of the city, the commissioners of the sinking fund are obliged to pay the debts of the ancient corporation; that the debt sued for is a debt of the said ancient corporation, and must be paid by the general sinking fund, and that the plaintiff has no right of action against the third municipality. There was judgment in the lower court in favor of the plaintiff and the defendants appealed.

The evidence shows that the work was performed by plaintiff according to the original contract; his account is correct and has been satisfactorily proven; and the only question now submitted to our consideration is whether this is a debt of the former corporation, to be paid out of the sinking fund?

It is perfectly clear that according to the 15th section of an act of the legislature, entitled "an act to amend the act entitled ' an act to incorporate the city of New Orleans,' approved February 17th, 1805, and other acts amending the same," approved on the 8th of March, 1836, the payment of the general debts due by the ancient corporation, has been provided for by the establishing of a general sinking fund, to be administered as pointed out in the said act; but as to what is to constitute a debt of the former corporation, the law is entirely silent. In this case, the work for which the plaintiff seeks to be remunerated, had been ordered by the ancient corporation, and accordingly a contract had been passed between the Mayor and the undertaker. At the time the city was divided into three municipalities, a part of the contract had been executed, and there remained only to be performed that part of the said contract relative to the posting up of the names of the streets of the third municipality. We may fairly presume that Baral & Co., had been fully compensated for the work they had done under their contract, when they transferred the balance thereof to the plaintiff; and there is no evidence before us that said work already performed was paid for by any of the municipalities for the respective benefit of which the same had been done. Under said contract, the undertaker could only look to the an-

A contract entered into by the city of New Orleans before its division into municipalities, must be enforced against the whole city or the commissioners of the sinking fund representing it; and not against any one of the municipalities separately, although the works performed may have inured to its particular benefit.

cient corporation for his payment, and when the plaintiff undertook to complete it, and consented to be subrogated to the obligations and rights arising from the contract, he was aware that the third municipality was not a party thereto, had never assumed the payment of the sums therein specified, and that as it was nothing but the continuation of an undertaking which originally concerned the whole city in general, it mattered not what part of the same he had to perform.

But it is insisted that the defendants have alone profited by the work performed by the plaintiff; that the same was executed since the division, and that the third municipality having ordered its own officers to examine and approve of the work, thereby took the contract for itself, &c. This last circumstance does not appear to us sufficient to operate any change in the parties to the original contract, nor in the obligations resulting therefrom; the plaintiff took the contract as he found it; and if he afterwards thought proper to submit his work to the officers of the municipality within the limits of which it had been performed, this cannot give him any right to apply for his payment to a corporation that had originally no control over his obligations; moreover, there is no evidence that the inspector of public works of the third municipality ever acted by virtue of any order or ordinance of the corporation.

It is true that the defendants have been benefited from the performance of the contract by the plaintiff, and that the work was done since the division; but, as we have already said, the contract was originally made for the benefit of the whole city; its object was of a general character; and it would, in our opinion, be unjust to make the defendants exclusively liable to support the whole of the expenses incurred, under said contract, within the limits of their newly established corporation, whilst the other parts of the city, have had the benefit of the same kind of work under the same contract, the payment of which must have been discharged out of the general funds of the ancient corporation. We see no reason why the defendants should not have the same advantage, and why the

EASTERN DIS.
*May*, 1841.

LEREY,
*vs.*
MUNICIPALITY
NO. 3.

EASTERN DIS.
May, 1841.

amount sued for should not be considered as one of those debts of the former corporation which are to be satisfied out of the general sinking fund as provided for by the 15th section of the said act of assembly.

The plaintiff mistook his remedy.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and that our judgment be for the defendants against the plaintiff with costs in both courts.